| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br>In re                                                                   :<br>                                                                              :<br>MICHAEL Z. SCHENKEIN,                             :<br>                                                                              :<br>                              Debtor.                         :<br>------------------------------------------------------------<br>LYNN MORDAS,                                             :<br>                                                                              :<br>                              Plaintiff,                       :<br>                                                                              :<br>v.                                                                         :<br>                                                                              :<br>MICHAEL Z. SCHENKEIN,                             :<br>                                                                              :<br>                              Defendant.                   :<br>------------------------------------------------------------ | NOT FOR PUBLICATION<br><br>Chapter 7<br><br>Case No. 09-14658 (AJG)<br><br><br><br><br><br><br><br>Adv. Pro. 09-01947 (AJG) |

APPEARANCES:

Lynn Mordas
Pro Se
Millerton, NY 12546

Kleyman & Associates, P.C.
Attorney for the Defendant
Brooklyn, NY 11214

      By: Val Kleyman, Esq.


ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE


**OPINION REGARDING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

      Before this Court is a motion for summary judgment (the "Motion") filed by Lynn

Mordas, (the "Plaintiff"), the former spouse of the Defendant-Debtor Michael Z.

Schenkein (the "Defendant" or the "Debtor").[1] The Motion was filed on June 22, 2010, pursuant to Federal Rules of Civil Procedure ("Rule") 56, as incorporated into bankruptcy practice by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7056. The Plaintiff avers that no genuine issues of material fact exist with respect to any of the claims in her complaint (the "Complaint"). The Defendant filed his opposition ("Defendant's Opposition") to the Motion on July 8, 2010. The Plaintiff filed her reply ("Plaintiff's Reply") to Defendant's Opposition on July 13, 2010. A hearing was held on July 15, 2010. For the reasons discussed below, the Motion is GRANTED, in part, and DENIED, in part.

**I. Background**

On July 24, 2009, the Debtor filed his Chapter 7 petition before this Court. The Plaintiff and Defendant have been involved in numerous domestic support enforcement proceedings regarding the Defendant's failure to pay the obligations imposed by their divorce settlement agreement.[2] By the Motion, the Plaintiff seeks, *inter alia*, an order precluding Defendant from discharging the debts under the New York County Supreme Court (the "New York Court") order entered on October 29, 2009.[3]

*A. New York Court Proceedings*

On August 7, 2003, the New York Court issued an amended judgment to the original divorce settlement, entered into on November 20, 2002, which ordered the Defendant to pay the Plaintiff $125,000 for settlement of *pendente lite* maintenance and

---

[1] The Plaintiff and Defendant were married in June of 1985 and they were divorced by a Judgment of Divorce in January of 2002. *See* Comp. para. 7.
[2] Entered into on November 20, 2002. *See* Comp., Exhibit A.
[3] *See* Comp., Exhibit I.

2

child support arrears. Upon the Defendant's failure to pay the arrears or provide financial information properly requested by Plaintiff, the New York Court, on January 9, 2006, ordered the Defendant to appear before the court for supervised depositions. The same court also ordered the Defendant to pay attorney's fees incurred by the Plaintiff, as a result of her bringing the enforcement action. Subsequent to this order, the parties appeared on May 6, 2006, and eventually agreed to a modified settlement, which obligated the Defendant to adhere to a payment schedule.

After the Defendant failed to comply with the modified settlement, the Plaintiff filed a motion with the New York Court requesting that the Defendant be held in contempt. On February 19, 2009, that court granted the Plaintiff's request to draw an adverse inference against the Defendant for his failure to submit any opposition papers or required documents. The Defendant was ordered to pay attorney's fees in the amount of $2,000 incurred by the Plaintiff in this new action. In a subsequent decision dated March 31, 2009, the same court ordered that the Defendant be held in civil contempt and pay the total support arrears in the amount of $112,107.92 along with statutory interest, and pay the Plaintiff's attorney's fees under Domestic Relations Law ("DRL") sections 237(c) and 238, in the amount of $22,000.

Noting the Defendant's continued failure to pay any debts owed to the Plaintiff, the court issued a subsequent order on June 16, 2009 stating that the Defendant owed $118,759.38 in support arrears, an additional $19,236.68 in statutory interest, and a minimum of $24,000 in attorney's fees. The Defendant was ordered to immediately pay $52,000 to the Plaintiff on that same day – June 16, 2009. In a post-judgment action on August 20, 2009, the court ordered that all previous judgment amounts were to be paid by

3

the Defendant to the Dutchess County Support Collection Unit, on behalf of the Plaintiff. Finally, in a decision issued on October 28, 2009, the court denied the Defendant's motion to vacate the orders of February 19, 2009, and ordered the Defendant to pay the Plaintiff additional attorney's fees in the amount of $18,000. At that time, the court also denied the Plaintiff's motions for sanctions against the Defendant.

### B.  Issues to Be Decided

Plaintiff' seeks a determination that the debt owed to her, under an order by the New York Court, for both child support arrears and awarded attorney's fees, is non-dischargeable pursuant to § 523(a)(5) or § 523(a)(15) of the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(5), (15). The Plaintiff also seeks to recover the full amounts awarded by the New York Court plus interest, as well as attorney's fees incurred as a result of the bankruptcy proceedings. Lastly, the Plaintiff moves for a complete denial of discharge for the Defendant under § 727(a) of the Bankruptcy Code. *See* 11 U.S.C. § 727(a).

## II. Discussion

### A.  Summary Judgment Standard

Rule 56(c) is incorporated into bankruptcy practice by Bankruptcy Rule 7056. Rule 56(c) specifies that, to preclude summary judgment, there must be a material fact in dispute. Substantive law determines the standard of materiality. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If a fact is found to be material, it is necessary to see if the dispute regarding it is genuine, to wit, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. at 248. If the fact may be reasonably resolved in favor of either party, then

4

there is a genuine factual issue that may only be resolved by the trier of facts and summary judgment must be denied. *Id.* at 250. If, however, the evidence "is so one-sided that one party must prevail as a matter of law," then summary judgment should be granted. *Id*. at 252. In considering a motion for summary judgment, the evidence is viewed in the light most favorable to the non-movant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

After the non-movant has been afforded sufficient time for discovery, summary judgment must be entered when that party fails to make a showing sufficient to establish at least a genuine dispute over the existence of an element essential to its case and on which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). However, the event of "a complete failure of proof concerning an essential element of the nonmovant's case necessarily renders all other facts immaterial." *Celotex* 477 U.S. at 323, 106 S.Ct. at 2552. In this way, the summary judgment standard is similar to the directed verdict standard under Rule 50(a). *See Celotex* 477 U.S. at 323, 106 S.Ct. at 2552.

Summary judgment is wielded in such a way to further its primary goal of "dispos[ing] of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24, 106 S.Ct. at 2553. However, application of summary judgment procedure is not a disfavored procedural shortcut, but instead an integral part of the Federal Rules when there are no triable factual issues. *See Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

   B. *Dischargeability of Domestic Support Obligation Pursuant to § 523(a)(5) and (15)*

5

Plaintiff asserts that the Defendant is liable for paying the child support arrears, as ordered previously by the New York Court.[4] The Plaintiff further contends that such debt is non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code, which states that a "domestic support obligation" is non-dischargeable. According to the Plaintiff, the various orders of the New York Court make clear that the monies owed to her by the Debtor were solely for domestic support arrears and therefore, this case would involve a clear-cut application of § 523(a)(5). *Id.*

In addition, the Plaintiff argues that, should this Court not find the entirety of the debts owed to her by the Defendant as constituting a "domestic support obligation" under § 523(a)(5), these arrears would remain non-dischargeable pursuant to § 523(a)(15), which states that "any debt . . . that is incurred by the debtor in the course of a divorce or separation, or in connection with a separation agreement, divorce decree, or other order of the court of record," is non-dischargeable. For these reasons, the Plaintiff argues that the Defendant's obligation, as a debtor, should be held non-dischargeable under either circumstance.

At the hearing before the Court regarding the Motion held on July 15, 2010, Defendant represented that he does not contest the Plaintiff's claims regarding the arrears for support obligations. Instead, Defendant asserted that he is simply challenging the Plaintiff's claim for attorney's fees.

However, Defendant's Opposition does in fact argue that that debts owed to the Plaintiff would be dischargeable under the Bankruptcy Code. First, the Defendant asserts, based on *In re Silberfein*, 138 B.R. 778, 780 (Bankr. S.D.N.Y. 1992), that this Court would not be bound by the New York Court's characterization of the debt as being

---

[4] *See* Comp., Exhibits A-J.

6

in the nature of child support. Based on *Silberfein,* the Defendant also argues that, in determining whether an obligation is dischargeable, this Court must undertake a multi-pronged analysis that seeks to establish "the intent behind the award and the substance of the obligation." *Id.*

Under this standard, the Defendant argues that this Court must decide whether the New York Court properly labeled the award as "child support obligation," or whether the award actually meant to serve other functions such as division of property. In assessing the proper designation for these debts, the Defendant argues that this Court would have to undertake a fact-finding analysis, which in turn would make this issue irresolvable through a summary judgment decision.

The current version of the Bankruptcy Code, as modified by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), significantly limits the ability to discharge a debt related to a matrimonial action.[5] The current case is subject to BAPCPA, as it applies to all cases filed on or after October 17, 2005. As a result of the expansion of the types of debts that are non-dischargeable to include even non-support debts under § 523(a)(15), this Court "need not make a determination about whether the amounts awarded under the [j]udgments at issue constitute domestic support obligations under § 523(a)(5) if the Plaintiff can demonstrate that the [j]udgments would be nondischargeable in any event under 11 U.S.C. § 523(a)(15)." *See In re Golio*, 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008).

In applying the standards established in § 523(a)(5) and (15) to the present case, it is clear that the award previously assigned to the Plaintiff for domestic support obligation

---

[5] The Defendant, though, relies exclusively on case law from before BAPCPA was enacted. BAPCPA was enacted in 2005, but Defendant's Opposition does not cite any cases more recent than 1998.

7

is non-dischargeable.  Under the former version of § 523(a)(15), the Court would be required to assess whether the award constitutes maintenance, alimony, or support, which are automatically non-dischargeable, as opposed to some other form of debt for which the merits of a discharge would have to be weighed through a multi-factor balancing test. *See In re Chase,* 392 B.R. 72 (Bankr. S.D.N.Y 2008).  However, BAPCPA makes this evaluation process largely irrelevant since currently any debt arising from a divorce proceeding which would not fall under § 523(a)(5) is nevertheless excepted from discharge under § 523(a)(15).  *See Golio,* 393 B.R. at 62; *see also In re Ginzl,* 430 B.R. 702, 706-707 (Bankr. M.D. Fla. 2010) ("BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations arising from a divorce immaterial in a dischargeability analysis.").  As a result, the numerous rulings by the New York Court ordering the Defendant to pay the Plaintiff the arrears owed for child support are sufficient under § 523(a)(5) and (15) to preclude discharge.

### C.  *Dischargeability of Attorney's Fees Pursuant to § 523(a)(5) and (15)*

Plaintiff additionally claims that the attorney's fees awarded to her by the New York Court should likewise be non-dischargeable under § 523(a)(5) and (15).  The Plaintiff 's Reply notes that, subsequent to enactment of BAPCPA, attorney's fees awarded in the context of support enforcement have been deemed to be domestic support obligations and therefore, non-dischargeable in bankruptcy.  The Plaintiff further emphasizes that the New York Court awarded attorney's fees pursuant to DRL sections 237(c) and 238.  Under DRL section 237(c), upon finding that a party had willfully failed to make a payment of support or maintenance, the court is required to order that party to

8

pay the petitioner's attorney's fees. In addition, when a party fails to make a payment of support or maintenance without a finding that such a failure was necessary, the court under DRL section 238 is afforded the discretion to order that the party pay the attorney's fees incurred by the petitioner. The Plaintiff argues payments for legal fees ordered pursuant to DRL sections 237(c) and 238 would fall within the scope of a "domestic support obligation," as defined under Bankruptcy Code and therefore cannot be discharged. The Plaintiff further contends that, since the New York Court denied the Plaintiff's request for sanctions, the Defendant cannot now argue that a portion of the fees awarded to the Plaintiff should be discharged based on the fact that they were not for the purpose of support.[6]

Defendant's Opposition argues that this Court should not rule that the attorney's fees awarded by the state court are non-dischargeable by way of summary judgment. The Defendant contends that, in order for the attorney's fees to be deemed non-dischargeable under § 523(a)(5), the entire award must be in the nature of alimony, maintenance or support obligation.[7] *See In re Rosen,* 169 B.R. 512 (E.D.N.Y. 1994) ("[I]f the obligation to pay the legal fees is in the nature of alimony, maintenance, or support, it is nondischargeable. However, to the extent the obligation is characterized as a property settlement it is dischargeable."). The Defendant argues that "in determining whether or not an obligation is designed for the support of a former spouse, the court must look . . . to the intent of the parties and to the substance of the obligation." *See In re Raff,* 93 B.R. 45 (S.D.N.Y. 1988). As a result, the Defendant believes that it is not clear from the

---

[6] *See* Comp., Exhibit I.
[7] In arguing that attorney's fees are dischargeable, the Defendant once again relies entirely on case law from before the enactment of BAPCPA. As discussed *supra*, the pre-BAPCPA framework for evaluating dischargeability of attorney's fees is no longer applicable.

9

numerous state court rulings that the different attorney's fees awarded were in the form of support.  Instead, the Defendant claims that at least a portion of the fees were punitive, with another part being awarded for equitable division of property.  Based on this analysis, the Defendant argues that there is a genuine issue of material fact precluding summary judgment.

From § 523(a)(5) and (15) of the Bankruptcy Code, it is clear that the attorney's fees awarded to the Plaintiff by the state court are non-dischargeable.  While the Plaintiff files two separate claims in this case, one relating to child support and the other to attorney's fees, the legal analysis for both claims with respect to dischargeability is virtually the same.  As discussed above, § 523(a)(5) provides that debts relating to a "domestic support obligation" are precluded from discharge, while under § 523(a)(15) *any* debt owed to a spouse or child that is "incurred by the debtor . . . in connection with a separation agreement . . . or other order of the court of record" is non-dischargeable.  In the various state court decisions that awarded attorney's fees to the Plaintiff under DRL sections 237(c) and 238, the court emphasized that the fees were intended to compensate the Plaintiff for the costs incurred as a result of the Defendant's failure to meet his support obligations.  Further, there is no question that the amounts due stem from the separation agreement at issue.  Even if, as the Defendant claims, a portion of the fees were awarded in connection with the equitable division of property, and thus not an exception under § 523(a)(5), this portion of the fees would be non-dischargeable under § 523(a)(15).

Bankruptcy courts have ruled that attorney's fees are to be awarded under § 523(a)(5) when incurred as a result of an enforcement proceeding against a former

spouse. *See Golio,* 393 B.R. at 63; *accord In re Spong* 661 F.2d 6, 8-9 (2d Cir. 1981) (noting that the majority of bankruptcy courts have considered attorney's fees to be included within alimony, maintenance and support). Moreover, since BAPCPA, courts have recognized that attorney's fees awarded in a divorce proceeding are non-dischargeable under § 523(a)(15) regardless of whether or not the fees are considered to be in the nature of support or for some other purpose. *See Golio,* 393 B.R. at 61-63; s*ee also Ginzl,* 430 B.R. at 706.

The Defendant's argument that a portion of the fees awarded were punitive is unsupported, as the New York Court denied the Plaintiff's motion for sanctions. Therefore, this Court finds (1) that the attorney's fees owed to the Plaintiff are non-dischargeable pursuant to § 523(a)(15), and (2) as a result, this Court does not have to undertake a lengthy factual analysis in order to determine whether the award meets the standard of § 523(a)(5). This is without prejudice to the Plaintiff to seek a determination as to whether the attorney's fees are non-dischargeable under § 523(a)(5) if such determination becomes relevant.

### D. Defendant's Right to Discharge Pursuant to 11 U.S.C. § 727(a)

The Plaintiff's Motion claims that, under § 727(a)(3) through (5) of the Bankruptcy Code, the Defendant should be denied any discharge.[8] Section 727(a) denies

---

[8] These provisions of § 727(a) state:
(a) The court shall grant the debtor a discharge, unless--
  (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
    (A) property of the debtor, within one year before the date of the filing of the petition; or
    (B) property of the estate, after the date of the filing of the petition;
  (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11

a debtor discharge if it is determined that the debtor (1) concealed records reflecting his financial condition, (2) "knowingly and fraudulently" made a false oath or claim, or (3) failed to "explain satisfactorily any loss of assets or deficiency or deficiency of assets to meet the debtor's liabilities." In support of her claim, the Plaintiff makes a number of allegations relating to the Defendant's failure to make required disclosures regarding his financial condition, providing false statements, and refusing to provide explanation for the loss of assets.

Without considering the merits of the Plaintiff's objection to discharge, it is apparent that the Court cannot recognize the Plaintiff's claim, since it was not raised in an appropriate and timely manner. First, the Plaintiff failed to raise this objection to discharge under § 727(a) in the Complaint, and instead addresses this claim for the first time in the Motion. Rule 15(a) incorporated into bankruptcy practice by Bankruptcy Rule 7015 provides that a "party may amend its pleading once 21 days after serving it, or if the pleading is one to which a responsive pleading is required then 21 days after service of a responsive pleading." Outside of these timeframes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). The Plaintiff did not amend the Complaint within 21 days of service and has not requested consent from either the opposing party or the Court. This factor alone

---

(4) the debtor knowingly and fraudulently, in or in connection with the case--
  (A) made a false oath or account;
  (B) presented or used a false claim;
  (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
  (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

precludes this Court from ruling on the Plaintiff's § 727(a) argument, despite § 727(a)'s admonition that courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a).

Moreover, even if the Plaintiff had sought to amend the Complaint immediately after filing she would still not have been able to raise this issue, since under Bankruptcy Rule 4004, "a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The meeting of creditors in this case was held on August 27, 2009 and was continued on September 27, 2009. Bankruptcy Rule 4004 makes clear that the 60-day period begins to run from the initial date selected for the meeting of creditors, thus the last day for the Plaintiff to file an objection to discharge was October 26, 2009. The Plaintiff filed the Complaint on December 30, 2009, after the 60-day period had run. Further, while Rule 4004(c) provides an extensive list of exceptions to the 60-day limitation, it is clear that none of these exceptions apply in this case.[9] For the foregoing reasons, the Plaintiff's Motion for denial of discharge, pursuant to § 727(a), is denied.

---

[9] Rule 4004(c), in relevant parts, provides:
(1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:
   (A) the debtor is not an individual;
   (B) a complaint objecting to the discharge has been filed;
   (C) the debtor has filed a waiver under § 727(a)(10);
   (D) a motion to dismiss the case under § 707 is pending;
   (E) a motion to extend the time for filing a complaint objecting to discharge is pending;
   (F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending;
   (G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code, unless the court has waived the fees under 28 U.S.C. § 1930(f);
   (H) the debtor has not filed with the court a statement of completion of a course concerning personal financial management as required by Rule 1007(b)(7);
   (I) a motion to delay or postpone discharge under § 727(a)(12) is pending;
   (J) a motion to enlarge the time to file a reaffirmation agreement under Rule 4008(a) is pending;

E. *Plaintiff's Claim Regarding Attorney's Fees and Expenses Associated with the Bankruptcy Court Proceedings*

The Plaintiff requests that this Court order the Defendant to pay the attorney's fees and expenses that were incurred in litigation before this Court. The Defendant does not address the merits of this issue in either his answer to the Complaint or Defendant's Opposition.

Since the instant case involves attorney's fees that were accrued post-petition and thus are not subject to the discharge order, this Court has no reason to address the issue of dischargeability. Therefore, the only issue to consider is whether the Defendant should be ordered to pay such amounts.

As a general rule, attorney's fees should not be awarded to the prevailing party in an adversarial proceeding. *See In re Sokolowski,* 205 F. 3d 532, 533 (2d Cir. 2000). In a case involving "issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Id.* Here, the issues at hand were primarily, if not entirely, related to federal law. Therefore, this Court does not grant the Plaintiff's request for attorney's fees.

However, this Court does recognize that this action was initiated in order to maintain enforceability of the numerous state court rulings ordering the Defendant to pay all debts owed to the Plaintiff. As a result, there may be grounds for a New York court to award the Plaintiff attorney's fees under DRL sections 237(c) and 238, if the Plaintiff decides to bring such an action in that court.

---

(K) a presumption has arisen under § 524(m) that a reaffirmation agreement is an undue hardship; or
(L) a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f).

14

Regarding the request for expenses, this Court addresses the issue of whether the Plaintiff should be awarded such costs. Under Bankruptcy Rule 7054(b) the "court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Despite the discretion granted by Bankruptcy Rule 7054(b), this Court will not award the Plaintiff costs. However, as with attorney's fees, these costs were incurred in the enforcement of prior state court orders. Thus, there may be grounds for a New York court to award these expenses, should the Plaintiff bring an action in that court.

**III. Conclusion**

Based upon the foregoing, the Plaintiff's Motion is granted, in part, and denied, in part.

The Court finds that the support arrears and attorney's fees awarded to the Plaintiff by the New York Court are non-dischargeable under § 523(5) and (15). This Court, however, does not grant the Plaintiff's request for a judgment ordering the Defendant to pay the debts owed to her. As such an order has already been issued by the New York Court, any further actions seeking such enforcement should be brought before that court.

The Plaintiff's motion for a complete denial of discharge for the Defendant under § 727(a) is denied.

The Plaintiff's motion for a judgment ordering the Defendant to pay the Plaintiff's attorney's fees and costs arising from the proceedings in the bankruptcy court is denied, without prejudice to seek such relief before an appropriate state court.

The Court will enter an order consistent with this opinion.


Dated:  New York, New York
        August 9, 2010

                            **s/Arthur J. Gonzalez**
                            CHIEF UNITED STATES BANKRUPTCY JUDGE